IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHIRETHA COLE | : | 10-cv-1872 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. J. Andrew Smyser |
| PERFORMANCE GROUP | : | |
| Defendant | : | |

# **MEMORANDUM**

## **December 7, 2010**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge J. Andrew Smyser (Doc. 9), filed on November 17, 2010, which recommends that we dismiss the Plaintiff's amended complaint for failure to state a claim upon which relief can be granted and close the case. No objections to the R&R have been filed.[1] For the reasons set forth below, the Court will adopt the R&R.

## I.  STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report

---

[1] Objections were due by December 6, 2010.

1

before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case amply confirms the Magistrate Judge's determinations.

## II.     PROCEDURAL BACKGROUND

On September 7, 2010 Plaintiff Shiretha Cole, *pro se*, commenced this action by filing a complaint. This matter was referred to Magistrate Judge Smyser for pre-trial management. On September 24, 2010, Magistrate Judge Smyser granted the Plaintiff's application to proceed *in forma pauperis* and reviewed the Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). Magistrate Judge Smyser determined that the complaint failed to state a claim upon which relief may be granted and ordered the Plaintiff to file an amended complaint on or before October

2

25, 2010. Plaintiff was warned that if she failed to file an amended complaint, Magistrate Judge Smyser would recommend that the case be dismissed.

Plaintiff did not file an amended complaint by the October 25, 2010 deadline. Subsequently, on November 5, 2010, Magistrate Judge Smyser issued a Report and Recommendation (Doc. 6) recommending that the complaint be dismissed for failure to state a claim upon which relief may be granted. Thereafter, on November 12, 2010, Plaintiff filed an amended complaint.

In a great abundance of caution, recognizing that Plaintiff is a *pro se* litigant, we rejected the Magistrate Judge's recommendation of dismissal and remanded the matter to Magistrate Judge Smyser, so he could review the Plaintiff's amended pleading to determine whether it stated a claim.

## III. DISCUSSION

Magistrate Judge Smyser has now issued a recommendation, concluding that, in her amended complaint, Plaintiff has not stated a claim upon which relief can be granted. Magistrate Judge Smyser correctly states that Plaintiff's confusing filing fails to provide the Defendant with fair notice of the claim she is attempting to allege against it. Moreover, Plaintiff's pleading does not raise any reasonable inference that the Defendant violated a federal statute or Plaintiff's federal rights.

As we have already mentioned, neither Defendant nor the Plaintiff have filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety.[2] With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*. An appropriate Order shall issue.

---

[2] We commend Magistrate Judge Smyser for performing a painstaking and thorough analysis of the case *sub judice*. While the procedural history compounded the difficulty of doing so, we are confident that the learned Magistrate Judge reached the appropriate conclusions.